UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE CORTEZ BROWN,

          Petitioner,          Case No. 1:13-cv-1137

v.                                          Honorable Gordon J. Quist

CARMEN PALMER,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice because it is premature.

**Discussion**

    I.    <u>Factual allegations</u>

Petitioner Andre Cortez Brown is incarcerated by the Michigan Department of Corrections at the Michigan Reformatory, where he is serving a prison sentence of 19 to 40 years, imposed by the Kent County Circuit Court for a conviction of unarmed robbery, Mich. Comp. Laws

§ 750.530. Petitioner appealed the judgment of conviction and sentence to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals affirmed the trial court's judgment on December 15, 2011, and the Michigan Supreme Court denied leave to appeal on September 4, 2012. In August 2013, Petitioner filed a complaint for writ of habeas corpus in state court pursuant to Mich. Comp. Laws § 600.4304(3) and Rule 3.303 of the Michigan Court Rules, in which he claims that his detention pursuant to the unarmed robbery conviction is illegal. (*See* Ex. 3, Petition for Writ of Habeas Corpus, docket #4-1, Page ID#115.) On August 14, 2013, the state court issued a show-cause order requiring the respondent to answer the complaint. (*See* Ex. 3, Order to Show Cause Regarding Writ of Habeas Corpus, docket #4-1, Page ID#129.) Petitioner asserts that this state-court action is still pending. (*See* Pet., docket #1, Page ID#4.)

        II.        Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A habeas petition should be denied on exhaustion grounds when a post-conviction proceeding challenging the judgment of conviction is still pending in the state courts. *See Juliano v. Cardwell,* 432 F.2d 1051 (6th Cir. 1970) (dismissing petition for failure to exhaust because an appeal from the denial of a post-conviction motion was still pending in the state's supreme court); *Haggard v. Tennessee,* 421 F.2d 1384, 1386 (6th Cir. 1970) (dismissing habeas petition for lack of exhaustion because a petition for post-conviction relief was pending in the state's appellate court); *accord Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."); *Horowitz v. Wainwright,* 709 F.2d 1403,

1404 (5th Cir. 1983) (dismissing petition for lack of exhaustion because a collateral attack on the conviction was still pending in the state's appellate courts). The rationale behind this rule is that the appeal may result in the reversal of the petitioner's conviction, thereby mooting any federal question. *Tomkins,* 716 F.2d at 634; *Garrett v. Larson,* No. 2:13–CV–11339, 2013 WL 1681258, at *2 (E.D. Mich. Apr. 17, 2013). Indeed, the AEDPA encourages petitioners to exhaust all avenues for relief in state court before proceeding in federal court, by tolling the one-year statute of limitations for filing a federal habeas action while a motion for "collateral review" is "pending" in state court. *See* 28 U.S.C. § 2244(d)(1). According to the Supreme Court, this tolling provision "furthers principles of 'comity, finality, and federalism'"; "[i]f a defendant receives relief in state court, the need for federal habeas review may be narrowed or even obviated . . . ." *Wall v. Kholi*, 131 S. Ct. 1278, 1288 (2011) (quoting *Williams v. Taylor,* 529 U.S. 420, 436 (2000)). Likewise, dismissing Petitioner's federal habeas application at this stage, while his application for relief is still pending in state court, promotes comity, finality, and federalism by allowing the state court to have the first opportunity to remedy any defects in the lawfulness of his custody.

However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on September 4, 2012. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283

(6th Cir. 2000). The ninety-day period expired on Monday, December 3, 2012. Accordingly, absent tolling, Petitioner would have one year, until December 3, 2013, in which to file his habeas petition.

However, as indicated *supra*, the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, Petitioner's state habeas corpus action tolled the statute of limitations when it was filed. Petitioner does not indicate when he filed that action, but he must have filed it before August 14, 2013, when the state court issued its show-cause order. Thus, the federal statute of limitations was tolled when there were at least 111 days remaining in the limitations period. In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit indicated that thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.* at 781. Petitioner has far more than thirty days remaining in his limitations period. Assuming that he diligently pursues his action in state court and promptly returns to this Court after the state court proceedings are completed, he is not in danger of running afoul of the statute of limitations.[1] Consequently, dismissal is warranted.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for lack of exhaustion.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's

---

[1] The statute of limitations will remain tolled for as long as Petitioner's habeas corpus action remains "pending." *See* 28 U.S.C. § 2244(d)(2). An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." *Carey v. Saffold*, 536 U.S. 214, 219 (2002). If Petitioner's action is not successful in the circuit court, it will remain "pending" during the time between a lower court decision and the proper filing of an appeal to a higher state court, including an appeal to the Michigan Supreme Court. *See id.* at 219-20. However, the statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a

certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

        An Order and Judgment consistent with this Opinion will be entered.


Dated:  November 14, 2013                                       /s/ Gordon J. Quist      
                                                               GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE